UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| RICKEY DALE SIKES, JR., | ) | | |
| | ) | | |
| Petitioner, | ) | | |
| | ) | | |
| v. | ) | Nos. | 3:15-CV-533-TWP |
| | ) | | 3:12-CR-38-TWP-HBG-1 |
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Respondent. | ) | | |

## **MEMORANDUM OPINION**

Before the Court now is Petitioner's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Docs. 20, 23]. Petitioner bases his request for relief on the United States Supreme Court case *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the Court held that the residual clause of the Armed Career Criminal Act (ACCA) was unconstitutionally vague [*Id.*]. Respondent agrees Petitioner is entitled a reduction in sentence with regard to his conviction under 18 U.S.C. § 922(g) and urges the court to vacate Petitioner's current sentence and set a date for resentencing [25]. For the reasons stated below, Petitioner's motion for leave to amend [Doc. 23] will be **GRANTED** and amended petition to vacate his sentence [Docs. 20, 23] will be **GRANTED** so far as it seeks *Johnson*-based relief; the Court will order a full resentencing hearing to be set as soon as reasonably practicable.

I.  **BACKGROUND**

In 2012, Petitioner pled guilty to attempting to acquire a firearm by a false statement, in violation of 18 U.S.C. §§ 922(g) [Doc. 14 ¶¶ 1, 3]. Despite an applicable base offense level of 24 for violation of § 922(g), Petitioner received an enhanced level of 33 after being deemed an armed career criminal based on prior Tennessee convictions for aggravated burglary, arson, and

felony evading arrest [Presentence Investigation Report ("PSR") ¶¶ 22, 28, 35, 38, 41]. The United States Probation Officer ultimately assigned Petitioner a total offense level of 30 after application of a three level reduction for acceptance of responsibility [*Id.* ¶¶ 29–31], resulting in an advisory Guideline range of 168 to 210 months' imprisonment when combined with his criminal history category of VI [*Id.* ¶¶ 46, 47, 63]. Application of the fifteen-year mandatory minimum pertinent to armed career criminals resulted in an effective Guidelines range of 180 to 210 months' incarceration [*Id.* ¶ 63]. On September 25, 2012, this Court sentenced Petitioner to a bottom-of-the-range 180-month term of imprisonment and five years' supervised release [Doc. 19]. Consistent with the waiver in his plea agreement [Doc. 14 ¶ 9(a)], no appeal was taken.

Petitioner filed the current § 2255 petition on December 14, 2015, alleging he is no longer an armed career criminal in light of *Johnson* [Doc. 20]. Consistent with the standing order entered by this Court on February 11, 2016, *see* E.D. Tenn. SO-14-17 (Aug. 8, 2014) (instructing Federal Defender Services of Eastern Tennessee to "identify defendants with a claim for relief under Johnson" and appointing that office to "represent any defendant who seeks relief under § 2255 in light of Johnson"), the Federal Defenders Service supplemented that motion with an amendment clarifying Petitioner's entitlement to collateral relief [Doc. 23]. The United States responded in support of collateral relief on January 15, 2016 [Doc. 25].

## II. TIMELINESS OF PETITION

Section 2255(f) places a one-year statute of limitations on all petitions for collateral relief under § 2255 running from either: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right

2

asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f). The Sixth Circuit decision in *In re Watkins* makes clear that claims based on the Supreme Court's opinion in *Johnson* satisfy the third sub-category—assertion of a newly recognized right made retroactively applicable on collateral review—and thus trigger a renewed one-year statute of limitations running from the date of that decision, June 26, 2015. *See* No. 15-5038, slip op. at 9–10 (finding *Johnson* constitutes a new substantive rule of constitutional law made retroactively applicable on collateral review and thus triggers § 2255(h)(2)'s requirement for certifying a second petition). Both the petition [Doc. 20] and subsequent supplement to that motion [Doc. 23] fall safely within the one-year period for filing a timely request for *Johnson*-based relief. The latter motion [Doc. 23]—which this Court interprets to be a motion for leave to amend his original December 14, 2015 petition—will be **GRANTED** accordingly. *See* Fed. R. Civ. P. 15(a) (explaining that leave to amend should "be freely given when justice so requires").

1. **STANDARD OF REVIEW AND ANALYSIS**

To obtain relief under 28 U.S.C. § 2255, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete

3

miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

**III. ANALYSIS**

A felon who possesses a firearm normally faces a maximum penalty of 10 years' imprisonment, 18 U.S.C. § 924(a)(2), and three years' supervised release, 18 U.S.C. § 3583(b)(2). However, if the felon possesses the firearm after having sustained three prior convictions "for a violent felony or serious drug offense, or both," the ACCA requires a 15 year minimum sentence, 18 U.S.C. § 924(e)(1), and increases the maximum supervised release term to 5 years, 18 U.S.C. § 3583(b)(1). The ACCA defines a "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B).

In *Johnson*, the Supreme Court held "that imposing an increased sentence under the residual clause of the [ACCA] violates the Constitution's guarantee of due process." 135 S. Ct. at 2563. *Johnson* did not automatically invalidate all ACCA sentences, however, emphasizing that its holding "d[id] not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." *Id.*; *see also United States v. Kemmerling*, 612 F. App'x 373, 375 (6th Cir. 2015) (explicitly finding that *Johnson* did not affect the ACCAs use-of-physical-force clause). Thus, under *Johnson*, an ACCA sentence only raises due process concerns—and is thus invalid—if it was necessarily based on predicate violent felonies that only qualified as such under the ACCA's residual clause. *Compare United States v.*

4

*Ozier*, 796 F.3d 597, 603 (6th Cir. 2015) (finding district court did not err by categorizing defendant as an armed career criminal where all three predicate offenses qualified under the enumerated-offense and use-of-physical-force clauses of the ACCA), *with United States v. Bell*, 612 F. App'x 378, 379–380 (6th Cir. 2015) (finding *Johnson* precluded defendant from being sentenced as an armed career criminal because one of her three predicate offenses, aggravated assault, failed to qualify under the enumerated-offense and use-of-physical-force clauses).

One of Petitioner's three predicate offenses was for felony evading arrest [PSR ¶ 41]. *See generally* Tenn. Code Ann. § 39-16-603 (2006) (outlining elements of evading arrest). The offense does not qualify as a violent felony under the ACCA's use-of-force clause because it does not involve the use, attempted use, or threatened use of violent force against another, *see United States v. Barnett*, 540 F. App'x 532, 536–37 (6th Cir. 2013) (citing *Descamps* and explaining a statute only meets the first subcategory of violent felony under the ACCA where violations categorically require the use or attempted use of violent physical force), and does not fall within one of the enumerated categories of violent felony. As such, the offense could only have qualified as a violent felony under the ACCA's residual clause. S*ee, e.g., United States v. Doyle*, 678 F.3d 429, 435–36 (6th Cir. 2012) (finding Class E felony evading arrest under Tennessee law, Tenn. Code Ann. § 39-16-603(b)(1), was a violent felony under the ACCA's residual clause). The *Johnson* decision thus dictates that the conviction can no longer be used to designate Petitioner an armed career criminal under § 924(e), leaving him with only two ACCA predicate offenses—arson and aggravated assault.[1] As a result, Petitioner's 180 month terms of

---

[1] While the Court recognizes that Petitioner has three convictions for aggravated assault, the offenses were not "committed on occasions different from one another," 18 U.S.C. § 924(e)(1), and thus cannot be treated as more than a single predicate violent felony for purposes

5

imprisonment and five years' supervised release for the gun offense [Doc. 19] exceed his maximum authorized sentence as a non-ACCA offender under § 922(g)(1) by 60 months' incarceration and two years' supervised release. *See* 18 U.S.C. § 924(a)(1)(D)(2) ("Whoever knowingly violates subsection . . . (g) . . . of section 922 shall be . . . imprisoned not more than [ten] years."). The Court thus finds that Petitioner has demonstrated a clear entitlement to relief.

Where a § 2255 claim has merit, district courts have the discretion to choose between discharging the petitioner, resentencing the petitioner, correcting the petitioner's sentence, or granting the petitioner a new trial. 28 U.S.C. § 2255(b). Had Petitioner never been classified as an armed career criminal, his unenhanced base offense level of 24 would have yielded an applicable guidelines range of 77 to 96 months' imprisonment after application of a three level reduction for acceptance of responsibility and criminal history category of VI. The United States, however, suggests that an upward variance pursuant to Section 4A1.3 of the United States Sentencing Guidelines might be appropriate in light of Petitioner's (1) possession of nearly double the criminal history points necessary for his level VI categorization and (2) commission the instant offense while on probation for earlier criminal offenses [Doc. 25 pp. 4–5; PSR ¶¶ 45, 46]. As a result, the Court finds resentencing to be the most appropriate form of relief. *United States v. Torres-Otero*, 232 F.3d 24, 30 (1st Cir. 2000) ("[I]n cases were the sentence (but not the conviction) is infirm, only the 'resentenc[ing]' or 'correct[ing] the sentence' options are open to the district court, since a prisoner should never be 'discharge[d]' or 'grant[ed] a new trial' based solely on a defective sentence.").

---

of ACCA enhancement [*See* PSR ¶ 35 (explaining that Petitioner pointed a rife at three individuals simultaneously and pulled the trigger)].

6

## IV. CONCLUSION

For the reasons discussed above, Petitioner's motion for leave to amend [Doc. 23] will be **GRANTED** and amended § 2255 petition [Docs. 20, 23] will be **GRANTED** so far as it seeks *Johnson*-based relief. As such, the sentence dated September 25, 2012 will be **VACATED** and resentencing will be scheduled by order as soon as reasonably practicable.

**AN APPROPRIATE ORDER WILL ENTER.**

               s/ Thomas W. Phillips
               SENIOR UNITED STATES DISTRICT JUDGE